(103 So. 332)

No. 27014.

**STATE v. BUTLER.**

(March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. Witnesses ⚖240(4)—Question asked in identifying accused held not leading or suggestive.

Where, in support of identification of accused, proof had been offered as to pox marks on defendant's face, state's question, asked doctor, "Will you look at this man and see if he has pox marks on him?" *held* not leading or suggestive.

2. Criminal law ⚖652—Observation of accused by witness to determine existence of pox marks as identification held not improper or prejudicial.

Physical examination or facial observation of accused by doctor on stand to determine, as matter of identification, whether accused's face was pox-marked *held* not improper or prejudicial.

Appeal from Criminal District Court, Parish of Orleans; J. Arthur Charbonnet, Judge.

Randolph Butler was convicted of larceny from the person, and he appeals. Affirmed.

Paul L. Fourchy, of New Orleans, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans, for the State.

THOMPSON, J. The defendant appeals from a conviction and sentence for the crime of "larceny from the person." His counsel has made no appearance in this court either by oral argument or brief.

[1] There appears in the record only one bill of exception, which seems to have been reserved to " * *' * the ruling of the trial judge who sustained the action of the assistant district attorney putting leading and suggestive questions to his own witness, Dr. John A. Devron, whilst on the stand evidently for the purpose of forcing an identification of the accused."

The matter under inquiry at the time the objection was made was the identification of the accused as the one who had committed the theft. In support of such identification proof had been offered as to bumps and pox marks on the defendant's face.

The question objected to was:

Q. "Doctor, will you look at this man (meaning the defendant) and see if he has pox marks on him?"

The witness stepped down from the stand and examined defendant's face, and answered:

"He has pox marks."

[2] We fail to discover anything in the question that could be regarded as leading or as suggestive of the answer to be given by the witness. Nor was the physical examination or facial observation of the accused by the doctor while on the stand either improper or prejudicial to the accused.

The per curiam of the judge shows that complete identification of the accused was established beyond possible doubt.

The conviction and sentence are affirmed.